UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCANNED

Case # 13 civ 6265

Daquan Bowers, Ramel williams
Jasheem Butler

*(In the space above enter the full name(s) of the plaintiff(s).)*

Amendment 1

**COMPLAINT**
**under the**
**Civil Rights Act, 42 U.S.C. § 1983**
**(Prisoner Complaint)**

**-against-**

Police Commissioner Raymond Kelly;
Neil Fenton, Assistant District Attorney
103rd precinct arresting officers
Andrew wilson, Henry Daverin, Sgt
OBrien

Jury Trial: ☑ Yes ☐ No
(check one)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 12/4/13

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

RECEIVED
DEC - 4 2013
PRO SE OFFICE

**I. Parties in this complaint:**

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff
Name: Daquan Bowers
ID #: 491-12-12104
Current Institution: 18-18 Hazen st AMKC
Address: East Elmhurst NY 11370

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name: Police Comm Raymond Kelly Shield #: 
Where Currently Employed: police HeadQuarters
Address: One police Plaza

Defendant No. 2 Name ADA Neil Fenton Shield # ______
Where Currently Employed Queens County Supreme Court
Address 125-01 Queens Blvd
Kew Gardens, NY 11415

Defendant No. 3 Name Police officer Andrew wilson Shield # 4542
Where Currently Employed 103rd Precinct
Address 168-02 PO Edward Byrne Avenue
Queens, NY

Defendant No. 4 Name Police officer Henry Daverin Shield # ______
Where Currently Employed 103rd precinct
Address 168-02 PO Edward Byrne Avenue
Queens NY

Defendant No. 5 Name Sgt OBrien Shield # 4179
Where Currently Employed 103rd Precinct
Address 168-02 P.O. Edward Byrne Avenue
Queens NY

**II. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur?
Not Applicable

B. Where in the institution did the events giving rise to your claim(s) occur?
Not Applicable

C. What date and approximate time did the events giving rise to your claim(s) occur?
December 20, 2012 At approximately 12:00 am

D. Facts: ON DECEMBER 20, 2013 AT APPROXIMATELY 12:00 A.M. ALL FOUR PLAINTIFFS, DAQUAN BOWERS, RAMEL WILLIAMS; JASHEEM BUTLER, AND KAHEEM LITTLES WHILE DRIVING DOWN A PUBLIC STREET, WITH NO TRAFFIC VIOLATIONS VISIBLE, AND EN ROUTE TO DRIVING A FRIEND TO BROOKLYN, WERE SWARMED, AND AMBUSHED BY THE DEFENDANTS ARRESTINGE OFFICERS ; ; AND SGT. OF THE 103rd PRECINCT UNDER THE GUIDELINES OF THE STOP, FRISK TACTIC IMPLEMENTED BY THE DEFENDANT POLICE COMMISSIONER RAYMOND KELLY WITHOUT ANY JUSTIFICATION, OR PROBABLE CAUSE WITH THEIR GUNS DRAWN, AND FAKSELY ACCUSED ALL FOUR PLAINTIFFS OF ROBBERY, BECAUSE OF THE TIME OF NIGHT, AND BECAUSE THEY WERE BLACK VIOLATING THEIR FOURTH, EIGHTH , AND FOURTEENTH AMENDMENT RIGHTS IN THAT THEY WERE STOPPED, AND SEARCHED WITHOUT PROBABLE CAUSE, AND THE SEARCH OF THEIR PERSON, AND VEHICLE WAS ILLEGAL AT ALL TIMES, AND AS A RESULT WAS UNLAWFULLY DETAINED, FAILED TO BE MIRANDARIZED BY THE DEFENDANTS ARRESTING OFFICERS, AND SGT. SUPERVISOR, THUS SUBJECTING ALL PLAINTIFFS TO UNLAWFUL IMPRISONMENT, DENIED THE RIGHT TO COUNSEL WHILE BEING QUESTIONED AT THE 103RD UNDER DURESS, AND INTERROGATED FOR FOR HOURS BY THE DEFENDANTS, WHICH AMOUNTED TO COERCION ON THE

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

III. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. AS A RESULT OF THE DEFENDANTS FALE ARREST PLAINTIFFS HAVE SUFFERED A GRAVE HARDSHIP, IN THAT THEY HAVE BEEN ABSENT IN THE LIVES OF THEIR FRIENDS, LOVED ONES, AND FAMILY MEMVERS, HAD TO UNDERGO THE HARDSHIPS OF PRISON LIFE, LOSS OF EMPLOYMENT SLANDERED BY THE FALSE ARREST IN A COMMUNITY WHERE THEY WERE TAXPAYING CITIZENS, AND MEMBERS OF PRESTIGIOUS CHURCHES, MOSQUES, SLEEPLESS NIGHTS, PSYCHOLOGICAL DAMAGE BERING SUBJECTED TO NON- NUTRITIONAL FOOD DEGRADING TREATMENT BY GUARDS, ETC,

IV. **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____ No XX

when and how, and their response, if any: DEFENDANTS ARRESTING OFFICERS OF THE 103rd PRECINCT, AND SGT. SUPERVISOR ASSISTANTR DISTRICT ATTORNEY DEFENDANT NEIL FENTON OF QUEENS COUNTY SUPREME COURT, AND RECEIVED NO RESPONSE BUT ACTED IN VIOLATION OF PLAINTIFFS CONSTITUTIONAL RIGHTS.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

CIVIL RIGHTS COMPLAINT(1983) IS ONLY RELIEF FOR THE ALLEGATIONS OUTLINED IN THIS COMPLAINT.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). PLAINTIFFS ALL SEEK PAIN, AND SUFFERING DAMAGES FROM ALL THE DEFENDANTS IN THEIR INDIVIDUAL, AND OFFICIAL CAPACITY IN THE AMOUNT OF TEN(10) MILLION DOLLARS, PLAINTIFFS SEEK PUNITIVE DAMAGES TO DETER ANY FUTURE STOP FRISK ARRESTS BY THE NYPD IN THE AMOUNT OF TEN(10) MILLION DOLLARS FOR EACH PLAINTIFF, AND FINALLY PLAINTIFFS SEEK COMPENSATORY DAMAGES FROM EACH DEFENDANT IN THE AMOUNT OF TEN(10) MILLION DOLLARS FOR A TOTAL OF THIRTY(30) MILLION DOLLARS FROM EACH DEFENDANT FOR FALSE ARREST, STOP, AND FRISK, RACIAL PROFILING TCATICS, UNLAWFUL IMPRISONMENT, DENIAL OF RIGHT TO APPEAR BEFORE THE GRAND JURY, MALICIOUS PROSECUTION, AND PROSECUTORIAL MISCONDUCT, SUBJECTING PLAINTIFFS TO CRUEL, AND UNUSUAL PUNISHMENT, BEING DELIBERATE INDIFFERENT TO READING PLAINTIFFS THEIR RIGHTS APPOINTING COUNSEL DURING INTERROGATION, UNLAWFUL SEARCH AND SEIZURES, AND DISCRIMINATION, AND SLANDER. THAT THERE BE NO RETALIATION BY THE NYPD 103rd PRECINCT ARRESTING OFFICERS, AND SUPER-SGT., AS THE EXACT RESULT OF FILING THIS COMPLAINT, NOR BY THE PROSECUTOR IN THIS INSTANT CASE.

VI. **Previous lawsuits:**

On these claims

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes XX No ____

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit: TERRON SESSON, ET AL ;

Plaintiff ~~COMM. DORA B. SCHRIRO; WARDEN LUIS RIVERA~~ ET AL;

Defendants COMM. DORA B. SCHRIRO; WARDEN LUIS RIVERA, ET AL;

2. Court (if federal court, name the district; if state court, name the county) SOUTHERN DISTRICT

3. Docket or Index number NOT YET GIVEN

4. Name of Judge assigned to your case ______

5. Approximate date of filing lawsuit AUGUST, 2013

6. Is the case still pending? Yes XX No ___

If NO, give the approximate date of disposition NOT APPLICABLE

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) STILL PENDING

On other claims

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment? Yes XX No ___

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff TERRON SESSON, DAQUAN BOWERS, ET AL;

Defendants COMM. DORA B. SCHRIRO NYC DEPT CORR.., ET AL;

2. Court (if federal court, name the district; if state court, name the county) SOUTHERN DISTRICT

3. Docket or Index number STILL WAITING TO BE ISSUED

4. Name of Judge assigned to your case NOT YET ASSIGNED

5. Approximate date of filing lawsuit AUGUST, 2013

6. Is the case still pending? Yes XX No ___

If NO, give the approximate date of disposition NOT APPLICABLE

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) STOILL PENDING

The arresting officer defendents Andrew Wilson, Henry Daverin and Supervisor Sgt OBrien of the 103rd precint Jamaica: The very Same Precinct that led Queens last year the most Stop n Frisk. The mistrust of police is as board as it is deep, extending to every borough and every precinct where Stop n Frisk is pervasive. The very same precinct that was cited for the Killing of the late black youth Sean Bell. The precinct that now have to adorn Cameras during arrests by the honorable Shira Schneldin United States District Judge of this pretigious Courthouse. Who has ruled that such conduct, and behavior by these 103rd precinct using Stop n Frisk tactics are now in fact unconstitutional. In addition plaintiff were then Subjected to unlawful Imprisonment and Malicious prosecution by the defendant Queens Assistant District Attorney Neil Fenton. In that plaintiff preserved their rights to appear before the grand jury, when in fact to appear before the grand jury that open day they were produced to give testimony as to the events of their unlawful imprisonment and innocence as well. when there was no grand jury action instead of releasing plaintiff on their own recognance the A.D.A Neil Fenton unlawfully detained plaintiff. And began his unlawful process of malicious prosecution with possession of this prior knowledge that the grand jury could not in fact and required by law to release defendants, did not do So gave rise to deliberate indifference, violated plaintiffs eighth amendment right. The defendants Andrew wilson and Sgt OBrien who both testify, lied under Oath made false police reports which will be proving. Sgt OBrien who testify on June 5, 2013 hearing. Andrew Wilson who testify on Sept 25, 2013 are both lieing under Oath, inconsistence statements, no probable cause to stop our vehicle. Committed perjury and have alot of misconduct police work. Intentionally conspired to fabricate evidence against plaintiffs including omitting and manipulating evidence against plaintiffs.

Concealing exculpatory evidence in pursuit of the stop and frisk  tactics. The listed property thats being charged against me was Seized unlawfully in violation of my rights pursuant to the fourth and fourteeth Amendments of the United States Constitution and Article I section 12 of the New York State Constitution. Defendant police Commissioner Raymond Kelly is a defendant because he has Sole obligation and responsibity for the acts of his Subordinates. Defendants 103rd precinct arresting officers Andrew Wilson, Henry Daverin and Sgt OBrien. In that he in his training of said defendants failed to properly investigate and collect evidence that support the plaintiff being present in the commission of any crime in making there arrest. Without probable cause when implemented the stop, Frisk policy that crossed the boarder line of and amounts to racial profiling. The police stopped the vehicle without any justification or probable cause weapons drawn with force to use. The driver of the vehicle had committed no traffic infractions, nor was there any active alram concerning the vehicle or the four passengers. All the arresting officer defendants and prior knowledge that the description made by alleged eyewitness was a board general description black and gray hoodies. Stopping every black male is <u>unconstitutio</u> matching general description of Suspect Specificity in the information upon which police action is predicated is the central teaching "of the fourth Amendment, Thus merely matching a general description of suspect does not provide probable cause to arrest. N.Y. P.D using vague description of suspect is unconstitutional. The plaintiffs that are falsely accused and as a result of the defendants act make them producers of cruel and unusual punishment. When it is done in a Sadistic and Malicious manner with the sole purpose of Shocking the consience and causing harm that amount to hardship. when plaintiff undergo prison life and experience the hardship thereof. The people failed to produce any witnesses that can properly ID accused suspects or involved in the robbery in Question.

The police of the 103 prencinct stop our vehicle without any probable cause in another police jurisdiction confines of 102/106 precinct. None of the plaintiff consented to there intrusion of illegal search and seizure.

The plaintiffs at all the time informed the defendants arresting officers and supervising Sgt OBrien. That they did in fact have rights. Was informed by the defendants their job description does not include the United States Constitution. All defendants are public servants employed under the guidelines of the New York City police department and are individuals in their offical, individual capacity acting under the color of state law are in violation of such Laws cited here in.

The N.Y.P.D being public servants did in fact act under the color of state law. Being the subordinates of the police commissioner Raymond Kelly they have an obligation and a duty to conduct themeselves with the highter standards of intergrity.

The Assistant District Neil Fenton using false police reports, unlawfully information, no probable cause to stop vehicle. Violated Federal Constitutional rights of the United States. Committed perjury towards the people of the state of New York.

- No description of a vehicle fleeing a crime scene

The 103rd precinct have alot of misconduct police work and are known for harassment.

I fear my life towards these police officers the way they pull out weapons ready to use for any reason.

---

I Daquan Bowers, declare under penalty of perjury, Amendment Complaint

Signature: Daquan Bowers

Jasheem Butler

Ramel Williams

# Facts to Support my constutional Violated by police

- The police stop my vehicle without probable cause, Guns drawn without facts, unlawfully arrested with excessive force.
- The Detectives gave perjured testimony at the hearings.
  June 5, 2013 Sgt OBrien testified
  Sept 25 2013 Andrew Wilson testified
- Inconsistent Statements made by Detectives using false information to justify probable cause, Lieing under Oath
- Stopping my vehicle in another police jurisdiction, confine of the 102/106 precinct no justification
- Coerced witness in Question put together False Crime Reports.
- Racial profiling, Being black is not a crime
- Assistant District Attorney Neil Fenton allowing false police statements and reports. The listed property thats charged against me was seized unlawfully in violation of my rights pursuant to the fourth and fourteeth Amendments of the United States Constitution and Article 1 section 12 of the New York State Constitution. On February 13, 2013 we were produced for the grand jury to give testimony. Waiting all day long without any food. No action of the grand jury was taking I believe no witness in question appear to give testimony of what took place. Unlawfully detained ——7

#1

Facts

- instead of releasing plaintiff on their on recognance the defendant Assistant district attorney Neil Fenton unlawfully detained plaintiffs. Began his unlawful process of malicious prosecution violated my eight amendment right and more.
- The Detectives have two different testimony trying to determine away to justify a probable cause
- Alot of misconduct police work
- The Detective Andrew Wilson and Sgt O Brien clearly states 2 different procedures of a show up Identification line up
- Andrew Wilson and his partner Henry Daverin lied under Oath Clearly states that they were directed to a location on 92nd Street and Rockaway Blvd by Sgt O Brien.
- Sgt O Brien testimony June 5, 2013 pg 11-12 clearly states he was informed by Arrested officers Daverin and Andrew Wilson they had a vehicle stop on 92nd Street and Rockaway Blvd occupied by four young male black.
- Andrew Wilson testimony Sept 25 2013 pg 86-87 and 102-103 He clearly states he took matters in his own hands to put on sirens to stop this vehicle, without any active alarm concerning our vehicle or description

Facts

- Suspicion of a moving vehicle does not justify probable cause to Stop or constitute a search

- pg 113 Andrew Wilson clearly states he knew nothing about these other police cars, which we was ringed in by numerous police cars weapons drawn with force ready to be used.

- It's clear to me that Sgt O Brien, arrested officers Andrew Wilson and Henry Daverin was not in communication until my vehicle was Stopped unlawfully.

The police are permitted to draw their weapons as they approach a lawfully stopped vehicle when they observe facts which warrant a belief that such action reasonable, cannot be based on a hunch or "gut reaction"

The detective use unnecessary and excessive force throw me out of the car guns drawn. My head hit the side of my vehicle. Their was no resistance of arrest. No probable cause to stop my vehicle on a public rode. I fear for mylife the way N.Y.PD treat black people. N.Y.P.D Vague "description of "furtive movements using it to stop people who simply look nervous and to disporportionately. we fear of geting hurt bad or shot dead for no reason the trust is lost with the N.Y.P.D. The 103rd precinct in Jamaica Queens who are known for racial profiling in black Community and the most corrupt precinct.

Honorable Lorna G Schofield
United States District Judge
United States District Court
Southern District of New York
500 pearl St NY, NY 10007

Case # 13 civ 6265

Date: December 1, 2013

RE: Daquan Bowers v Police Comm'r Kelly et al

I receive a notice in the mail Saturday December 30, 2013. Dated November 27, 2013 from Michael A Cardozo defendants lawyer representing Police Commissioner Kelly. I receive a notice stating a adjournment. I believe their is no need for any adjournment. I may not have Sign the amendment complaint do to the fact that I sent a affirmation of service with my Signature. I'm Sending a Copy of my Amendment Complaint with my Signature. I would perfer the US Marshall service to Serve my Amendment complaint to defendants lawyers. I'm Sending a copy with my Signature also. I'm Sorry for any delays and misunderstanding about my Amendment Complaint Signature. Something have to be done due to the fact my rights are being Violated. I have alot on my mind fighting for my freedom do to this unlawfully arrest. I have facts to Support my Complaint and documents. I believe there no need for adjourment. My rights have been violated no probable cause to arrest, alot of perjury Statements, false police reports and misconduct in office. I have Sign for Jasheem Butler due to, fact that he already gave consent to the courts from my understanding. Violations of my rights will not justify probable cause to arrest or prosecute.

This is my first complaints, I'm just fighting for my constitutional rights that were violated, knowing by the A.D.A Neil Fenton Supreme Court.

Daquan Bowers
18-18 Hazen St
East Elmhurst NY 11370

Argument 1: Due to my Constitutional rights #1

Violations of my fourth, fourteenth, fifth, Sixth Amendment rights Contained the federal constitution and Article I section 12 of the New York State Constitution.

The law of this Country has long held that to seized an individual, the police must have more than probable cause to believe a crime has occurred, there must also be probable cause to believe that the Suspect is the perpetrator. People v Gardon 87 AD2d 636 (2nd Dept, 1982). In this case, the police Stopped the plaintiff's vehicle without justification or probable cause to believe the driver had committed a traffic infraction or that the occupants were connected to this robbery in question or any Known Crime. Because the police's Seizure of the plaintiff's occurred before they could determine the number of occupants their skin color or even their sex, let alone physical or clothing descriptions, size or age it can not be said that they had probable cause to believe that these were the people who committed the crime.

"Reasonable Suspicion 'has be aptly defined as the quantum of Knowledge sufficient to induce an ordinarily prudent and cautions man under circumstances to believe that criminal activity is at hand" (People v Cantor, 36 NY2d 106, 112-3 [1975]). The requisite knowledge must be more than subjective; it should have atleast some demonstrable roots. Mere "hunch" or gut reaction will not do. People v Ingle, 36 NY2d 413 (1975).

The United States Supreme Court held that an officers Suspicion was insufficient to warrant a stop of an individual where the police were only able to confirm only a portion of a tip reciting that a black man wearing a plaid shirt was involved in criminal activity. Stopping every black man is unconstitutional. Effectively the police took what should have been under De Bour a level one inquiry and jumped to level four without gaining the necessary confirmations. Probable cause can never be bootstrapped after a defendants 14th Amendment rights have been violated. An improper arrest where the prosecution failed to establish whether the arresting officer had actually probable cause to arrest without violated constitution rights. Information leading to probable cause gained by the police after an improper stop does not vitiate the exclusionary rule. People v Young 81 AD2d 843 (2nd Dept 1981).

Resemblance of plaintiff's appearance to a reported robbery in question justified an investigatory stop. but not a full blown detention with guns drawn, unnecessary force. The police Should have requested the driver's license and registration first, particularly since their was no vehicle description and a very limited clothing description.

People v Corey Smith Dept, Decided 9-30-93 See People v De Bour, 40 NY2d 210

#2

## Statements of Facts

Specificity in the information upon which police choose to act is Central teaching of the 14th Amendment. Merely matching a general description of a suspect does not provide probable cause to arrest a suspect. There must be some additional individualized facts to justify the arrest or the evidence will be excluded to penalize the police for violating the Constitutional rights of the plaintiffs.

The vehicle stopped by the police was not committing any UTL infractions. There is no testimony that the car was being driven inappropriately, speeding or changing lanes without signaling.

The fourth Amendment protects all individuals in the United States be they innocent or guilty, good or bad. The basic premise of the fourth Amendment is protection of the people from arbitrary governmental interference. The fourth Amendment guarantee to "the people" of or in this Country the right to be free from unreasonable searches of the person.

Constitute professional misconduct by the ethical rule was violated

lieing under Oath, False police reports, Perjury statements, No probable cause to arrest, malicious prosecution, unlawfully arrest Something have to be done about this.

The ADA Neil Fenton who works for the Queens County District Attorney's office for almost eleven years. Know that my rights were violated still trying to justify probable cause or get a conviction. Thats not going to happen plus I will prove that my rights are being violated. I will not drop my complaint.

* Daquan Bowers declares, under penalty of perjury

Daquan Bowers

Without violated my rights this criminal case would not be pending.

Exhibit" 13civ6265

1. Specificity in the information upon which police action is predicated is the central teaching "of the fourth Amendment Thus, merely matching a general description of a Suspects does not provide probable cause to arrest. Probable cause cannot be determined by the result of the Search.

2. Reasonable Suspicion may not be "predicated on arbitory and illegal factor or like race or gender abhorrent to our public and to our Sense of fair equal justice. Courts have generally held that the color of a person skin may not be the sole basis for reasonable Suspicion. The Statute which the officers uses to support his reasonable Suspicion must be constitutional.

Reasonable Suspicion nor an investigative stop can justify probable cause in stopping our vehicle without the presence of a traffic violation.

3. The officers Subjective belief that the plaintiff committed a crime did not justify the plaintiff warrantless arrest because it was not committed in the officers presence. Violated plaintiff constitutional rights, No probable cause to stop vehicle, Fourth Amendment. The officers good faith or the absence of bad faith cannot substitute for existance of probable cause. Good faith alone will not salvage an otherwise unlawful arrest.

4. 90 NY 2d 1010, 666 NYS 2d 104, 688 NE 2d 1388

Use of notes to refresh officers recollection of the description broadcast over the radio does not affect the conclusion that the officer sending the description gave a description with sufficient detail to provide probable cause for an arrest.

I Daquan Bowers declare under penalty of perjury.

# "Exhibit to Support Complaint"

While reading over the "Proceeding" I see that Sgt O'Brien testified that the "Find My Iphone App" wasn't even the reason the stop was made ~ Drastically changed his Suppression testimony from his Grand Jury testimony Same for Arrested officer Andrew Wilson.

## June 5, 2013 Sgt O Brien testimony hearing:

Ex • pg 12 Sgt O Brien clearly states that he was informed by A/O wilson and Daverin they had a vehicle stopped on 42nd Street ~ Rockaway Blvd.

Ex • The only location its clear to me was Van Wyck ~ Linden Blvd

Ex • After that no exact location was giving by Sgt O Brien the person who was the one using this special program with no proof of information

Ex • pg 14-15 The only identification was made, was that a male black / gray Sweatshirt nothing else exactly clearly states that.

Ex • CW Bernard shannon in question, Cant ID nobody or recognize anything else, Only he was able to recognize one, suppose person in a gray hoodie not face thats all nothing else.

Ex • pg 19 Clearly states No description of a vehicle fleeing Scene Only description was 4 young blacks gray ~ black hoodies no other detail unconstitutional

Ex • pg 25-27 He was ask did any witness or CW Bernard Shannon Specifically tell you what any of these individuals did? Clearly states No

## Intake Bureau Crime Report

Clearly states that CW Bernard specifically say what individual did exact.

False police reports, Coerce CW Bernard Shannon

Ex pg 34 Only Bernard shannon was the one that gave him a brief description

Sgt O Brien clearly states he ask for full details and was only able to come up with just 4 young male black, gray w black hoodies by C W Bernard Shannon. Bernard Shannon never told him who had a gun or what that person wearing.

Ex • Pg 29-30 Sgt O Brien was ask how long were you looking at this blue dot until the time came when he learned that the car had been stopped? How much time passed? Sgt O Brien the person who suppose to be using this special App program, knew nothing about a vehicle being stop until after 20 minutes how come? Nobody have a answer for me.

Ex • Sgt O Brien clearly states he got negative result twice using this app program.

Ex • He have no specific knowledge as to the range and capability of this App.

Ex • Sgt O Brien states at some point he got communication from wilson that he had a vehicle stopped. After the vehicle was stopped he got communication. Actually Sgt O Brien was the one who called officer Daverin on the phone and they said they had a vehicle stopped at 92nd Street w Rockaway Blvd.

It's clear that Sgt O Brien never gave a location to 92nd Street w Rockaway Blvd. So its also clear that the tracking wasn't the probable cause.

A/O Andrew wilson w Daverin clearly states well A/O Wilson states that they was in communication seconds, minutes with Sgt O Brien when they throw on sirens to stop vehicle on 92nd street. Pg 103 A/O Wilson hearing on Sept 25.

Ex • Pg 37 Sgt O Brien never broadcast anything about no vehicle

Pg 39-40 Sgt O Brien was ask did any transmission regarding recovery of a gun or phone on his drive over there to the show-up location where the vehicle was stopped?

He clearly states no, Nothing was found

#3

EX
• Pg. 41 Sgt O Brien clearly states that the vehicle was ringed by numerous Police Cars.

Note: The vehicle were ringed by police cars without any probable cause weapons drawn without facts by A/O wilson and his partner, My rights was violated as a U.S. Citizen.

EX
• Pg. 44-45 Sgt O Brien Clearly states that 4 individuals had hoods up A/O Wilson States that the 4 individuals had no hoods on, Who can we believe lieing under Oath inconsistent Statements made by officers

A/O Andrew Wilson hearing testimony Sept 25 2013:

Andrew Wilson grand jury testimony minutes he states that him and his partner Daverin was in communication with Sgt O Brien.

EX
• Pg 36 He states that him and his partner Daverin was directed to Linden Boulevard & Van Wyck expressway.

He was ask what happen when he got to that location? A/O wilson states Supposed to be the location possible Suspects were fleeing the Scene.

Note: Meaning maybe no sure where exactly

A/O Andrew wilson States we continued to 42nd Street & Rockaway Blvd. For what reason he clearly states, Through hearing from officer Daverin that Sgt O Brien had called the "App" active which was following tge approximate location where one of the phone was located.

Note: Weren't Sgt O Brien already tracking phone when directed A/O Wilson & Daverin to Linden & Van Wyck what happen why would he call again.

Lieing under Oath to determine away to justify a probable cause

Andrew wilson testimony hearing Sept 25, 2013

• Pg 73 A/O wilson states when he got to Linden & Van Wyck there was no one there, Negative results from this "App program".

• Pg 83 A/O wilson can't remember who gave him a general description meaning who he spoke to unprofessional policework. Cant remember

#4

who is the person that he got his information containing his investigation

Pg 84-86 A/O Wilson States that his partner Daverin was on the phone with Sgt O Brien when the vehicle was stopped.

- He states that it was very light traffic for that time of night but there were other cars.
- Pg 77 A/O Andrew wilson States there was no other Vehicle on the rode

Pg 86 He was ask did he do that on his own initiative? He clearly States Yes. His partner Daverin didn't tell him anything.

Notes: Probable cause can not be based on "hunch or gut reaction" will not Suffice.

- Pg 87 A/O Wilson was ask was there communication between him and his Daverin partner between the time you put on the lights and sirens, and the time he approached the car? He states he dont recall any

Note: It's clear that Sgt O Brien was informed after the car was ringed by police cars gun drawn, Sgt O Brien knew nothing about this stop no communication, Without communication from Sgt O Brien what lead A/O to stop.

Pg 94 A/O Wilson was ask how many people could he see inside the vehicle He states there were numerous of people but he couldn't tell whether they were black, white, male or female.

Intake Bureau Report

Clearly States A/O drove towards Crossbay N Rockaway Blvd he observed a Black Dodge Avenger with four male black one wearing black, one wearing gray

- Lieing under Oath committed perjury, Violated my rights

Pg 102 He see a vehicle and he decide to put on his lights; correct.

No probable cause to throw on sirens Absent a reasonable Suspicion, the Stop would Constitute an impermissible Seizure of the vehicle occupants and any evidence Seized as a result must be Suppressed.

Ex #5

- Pg 112 A/O wilson clearly states the 4 individual had no hoods on during identification procedure.

Ex - Sgt O Brien in his testimony on June 5 2013 clearly states the 4 individual had they hoods up.

Who can we believe if these officers are working together?

- Pg 113 A/O Andrew Wilson clearly states that he dont know about these other polices cars, He states they just happen to be there at the time. When they were pulling over our vehicle.

Note: If A/O wilson & Daverin was incontact with Sgt OBrien they would of knew something.

It's clear to me that A/O Wilson & Daverin took matters and they own hands to stop this vehicle without probable cause violated my rights. And was never incontact with Sgt O Brien until he called officer Daverin to see what was going on.

- Pg 114 A/O Andrew Wilson & Partner Daverin had they guns drawn because maybe meaning possibly there was a gun involved not sure, just for there safety clearly states.

Notes: Not sure maybe possibility, no facts to drawn they guns No radio communication or description of the vehicle in question were involved in criminal activity fleeing a scene.

The police are permitted to draw their weapons as they approach a lawfully stopped vehicle when they observe facts which warrant a belief that such action reasonable.

My fourth Amendment right was violated No probable cause

- Pg 117 A/O clearly states There was never any communication about a tracking device and a vehicle being on Rockaway Blvd though; correct He states Not that he recall.

What was the probable cause?

A/O Grand Jury testimony clearly states he was instructed by Sgt OBrien to go to 92nd street, lieing under Oath committed perjury, made false police reports. #6

The tracking does not determine probablecause And wasn't the reason to stop our vehicle.

Note: cell phone technology is constantly envouling ~ being added onto ~ has recently started finding itself into American Courtrooms in a variety of functions. But the evidence has never tested to be proven to be 100% accurate. Should this technology be heavily relied upon to establish such an important Burden as probable cause without a full understanding that can Burden the innocent with unwarranted prosecution?

Note: In this instance a grand Jury cannot properly determine whether the results of this test was accurate or not because we dont have no information about the levels of accuracy of the signal strength or the platforms used to detect the signals. And from my experience those tracking devices deal with area approximation ~ not pin point accuracy

Note: As Defense, were not being given the opportunity to show an opposing side to the prosecutions case, thus denying our right to a defense; a rebut to so called proof. Because this tracking information is being excepted as an exact science in this instance that cannot be disputed. And this being excepted with no proof of accuracy ~ we should object based on these merits.....

There was no probable cause to stop our vehicle violated my rights. A/O and his partner created false police reports without facts to support claims.

June 5 2013 Hearing

#7

Assistant District Attorney Neil Fenton

- Pg 3 Mr Fenton clearly states that he have indicated to defense counsel that the wade as, Mr. littles only and the other three were identified by their clothing only.

- Pg 15 clearly states by Sgt oBrien that only one person was I.D. by a gray clothing nothing else. Unconstitutional to charge a person by a broad clothing description who anybody could wear.

False information made by Mr. Fenton DA have no facts to support claims False statements.

- Pg 4 Mr Fenton who indicated that this special "App" itself does not retain and hold or store the data with respect to the "app" itself. Information requested from apple would not, - we would have no ability to produce that information.

He clearly states he would have no ability to keep and retain that information.

Notes: Discovery C.P.L 240.20 D.A. can not live up to his duty of discovery in concerns of "App" so all evidence in concerns of "App" should be stricken from record & all evidence surpressed.

A.D.A Mr. Fenton allowing perjury in courts, False police reports and Statements.

210.15 Perjury in the First degree
210.10 Perjury in the Second degree
210.05 Perjury in the third degree

A goverment official does not need to take a special "Oath" to become Subject to the penalties of perjury. They took an "Oath" to "faithfully execute their office" and to "preserve, protect and defend the Constitution of the United States" to the best of their ability. While they hold that office, they are always under "Oath", and lying at any time constitutes perjury as well as treason.

Treason is a violation of the United States Republic Constitution Article II section IV and Article III Section III Supported by the following United States code.

## Impeachment Generally

To be used for impeachment purpose, the statement must also be inconsistent with Detective testimony or must present aversion of the facts contrary to the Detective testimony. The discrepancy between the Detective testimony and the earlier statements must be material. If the Detective denies making the earlier statements or testifies that he does not remember making the earlier statements, a Sufficient foundation is laid to use the contradictory statements to impeach the Detective credibility An exculpatory statements may be used for impeachment when it is inconsistent with current testimony.

Common Law

- 210.15 Perjury in the first degree

A person is guilty of perjury in the first degree when he swears falsely and when his statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made.

Perjury in the first degree is a class D Felony

- 210.10 Perjury in the Second

A person is guilty of perjury in the Second degree when he swears falsely and when his false statement is (a) made in a Subscribed written instrument for which an Oath is required by law, and (b) made with intent to mislead a public servant in the performace of his official functions, and (c) material to the action, proceeding or matter involved.

Perjury in the Second degree is a class E Felony

- 210.05 Perjury in the third degree

A person is guilty of perjury in the third degree when he swears falsely.

Perjury in the third degree is a class A misdemeanor

All government officials are bound by "Oath" in all matters until they leave office. No additional "Oath" is needed to bind them to tell the truth in anything they Say, as telling the truth is pursuant to all matters. Any public statement is perjury if it is a lie, and not necessary to deceive an enemy.

The Fifth Amendment contains within its language an exclusionary rule any Statement that is coerced or otherwise involuntary, such as a Statement given to a grand jury in return for <u>immunity</u>, is a <u>violation of a fifth Amendment right</u> and may not be used for any purpose.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Daquan Bowers

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

13 Civ. 6265 (LGS) (DCF)

- against -

Police Commissioner Raymond Kelly, Neil Fenton ADA, officer Andrew wilson, officer Henry Daverin, Sgt O Brien

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

**AFFIRMATION OF SERVICE**

I, Daquan Bowers *(name)*, **declare under penalty of perjury that I have** served a copy of the attached Amendment Complaint again *(document you are serving)* upon Michael A Cardozo *(name of person served)* whose address is 100 Church Street, New York NY 10007 Room 3-179 *(where you served document)* by Mail *(how you served document: For example personal delivery, mail, overnight express, etc.)*.

Dated: Queens *(town/city)*, NY *(state)*

December *(month)* 31 *(day)* 2013 *(year)*

Daquan Bowers
*Signature*

18-18 Hazen
*Address*

East Elmhurst NY
*City, State*

11370
*Zip Code*

*Telephone Number*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Daquan Bowers

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

13 Civ. 6265 (LGS) (DCF)

- against -

Police Commissioner Raymond Kelly
Neil Fenton ADA, officer Andrew wilson
officer Henry Daverin, Sgt O Brien

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

**AFFIRMATION OF SERVICE**

I, Daquan Bowers (name), declare under penalty of perjury that I have served a copy of the attached Exhibit's to Support complaint (document you are serving) upon Michael A Cardozo (name of person served) whose address is 100 Church Street, New York NY 10007 Room 3-179 (where you served document) by ______ (how you served document: For example personal delivery, mail, overnight express, etc.).

Dated: Queens (town/city), NY (state)
December (month) 1 (day) 2013 (year)

Daquan Bowers
Signature

18-18 Hazen St
Address

East Elmhurst NY
City, State

11370
Zip Code

______
Telephone Number

Daquan Bowers 441-12-12/04
18-18 Hazen St
East Elmhurst NY 11370






Legal Mail

SDNY PRO SE OFFICE
2013 DEC -4 P 2:34

Clerk
United States District Court
Southern District of New York
US Courthouse 500 Pearl Street
New York NY 10007
Pro Se office