```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DAQUAN BOWERS,                                              :
                                      Plaintiff,            :
                                                            :   13 Civ. 06265 (LGS)
                   -against-                                :
                                                            :
POLICE COMMISSIONER RAYMOND                                 :   OPINION AND ORDER
KELLY, ASSISTANT DISTRICT ATTORNEY                          :
NEIL FENTON, POLICE OFFICER ANDREW                          :
WILSON, POLICE OFFICER HENRY                                :
DAVERIN, and SERGEANT O'BRIEN,                              :
                                      Defendants.           :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Daquan Bowers, pro se, commenced this action on September 5, 2013, alleging constitutional violations, pursuant to 42 U.S.C. § 1983, in connection with his arrest on December 20, 2012. The Defendants are Police Commissioner Raymond Kelly, Assistant District Attorney Neil Fenton, and three police officers -- Andrew Wilson, Henry Daverin and "Sergeant O'Brien." Plaintiff alleges, inter alia, (1) the unlawful stop and search of a car in which Plaintiff was a passenger; (2) the unlawful search of Plaintiff's person; (3) false arrest; (4) malicious prosecution; (5) violations of *Brady v. Maryland*, 373 U.S. 83 (1963); (6) the denial of a right to a fair trial by fabrication of evidence; (7) conspiracy and (8) excessive force.

      Defendant Kelly moved to dismiss the First Amended Complaint ("Amended Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, his motion is granted.

**BACKGROUND**

The following facts are taken from Plaintiff's allegations in the Amended Complaint, the docket in this case, and certain documents submitted by Defendant of which this Court may take judicial notice.

On December 20, 2012, Plaintiff and three other individuals were arrested under suspicion of robbery after being stopped in Queens. According to Plaintiff, the driver of the vehicle had committed no traffic infractions, but the police officer Defendants stopped the car -- with guns drawn -- despite the absence of probable cause. According to the police report summarizing the arrest, when the officers searched Plaintiff's person, they discovered a gun hidden in his groin area. The charges against Plaintiff included robbery and possession of a loaded firearm.

Plaintiff filed this action on September 5, 2013. Summonses were issued on October 3, 2013. On November 7, 2013, Defendant Kelly was served with the original Complaint and has appeared through counsel in this action.

On October 23, 2013, Plaintiff moved to file an amended complaint. On November 6, 2013, he filed the Amended Complaint, which the Court accepted on November 12, 2013, as the operative complaint, granting his motion.

On November 29, 2013, three of the four remaining Defendants -- Fenton, Wilson and O'Brien -- were served with the original Complaint. Defendants Fenton, Wilson, Daverin and O'Brien were never served with the Amended Complaint, and no counsel has yet appeared on their behalf in this action. Accordingly, they are not presently parties to this action. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 260 (2d Cir. 2002) ("[A]n amended complaint ordinarily renders the original complaint of no legal effect. It is as though the original complaint

was never served."). On December 4, 2013, Plaintiff again filed the Amended Complaint.

On January 14, 2014, at a status conference, the Court stayed discovery, pending the outcome of the related prosecution of Plaintiff in state court. On April 8, 2014, Plaintiff pleaded guilty to eight counts, including three counts of first-degree robbery and one count of criminal possession of a weapon in the second degree, according to the Certificate of Disposition in Plaintiff's criminal case. Plaintiff was principally sentenced to a ten-year term of imprisonment.

On September 3, 2014, Defendant Kelly filed the instant motion to dismiss. Plaintiff did not oppose the motion.

### **STANDARD**

On a motion to dismiss, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original)

(quoting *Twombly*, 550 U.S. at 555), *cert. denied*, 133 S. Ct. 846 (2013).  Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2).

"[O]n a motion to dismiss, a court may consider . . . matters of which judicial notice may be taken."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted).  "[U]nder Fed. R. Evid. 201, [courts may take judicial notice of] public records such as arrest reports, indictments, and criminal disposition data."  *Smith v. City of New York*, No. 12 Civ. 4891, 2013 WL 5942224, at *1 (S.D.N.Y. Nov. 6, 2013) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-75 (2d Cir. 1991)).  "If the court takes judicial notice, it does so in order to determine what statements [the records] contained -- but again not for the truth of the matters asserted."  *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (emphases and internal quotation marks omitted).

"In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'"  *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)).

In construing complaints by plaintiffs proceeding pro se, the Court "appl[ies] a more flexible standard to evaluate their sufficiency than [it] would when reviewing a complaint submitted by counsel."  *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 140 (2d Cir. 2000); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Thus, the Court is obligated to construe pro se pleadings with "'special solicitude,' interpreting the complaint to raise the 'strongest [claims] that [it] suggest[s].'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alterations in original) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)).

## **DISCUSSION**

Plaintiff's claims for malicious prosecution, *Brady* violations, the denial of a right to a fair trial, conspiracy, false arrest, the stop and search of the vehicle and the search of Plaintiff's person are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Heck* provides:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87 (footnotes and citations omitted).  Accordingly, Kelly's motion to dismiss these claims is granted.

## I.   CLAIMS BARRED BY *HECK*

### A.   Malicious Prosecution, *Brady*, Fair Trial and Conspiracy Claims

Plaintiff's malicious prosecution, *Brady*, fair trial and conspiracy claims all directly attack the propriety of the criminal action against Plaintiff.  As they are inconsistent with his state court criminal conviction, they must be dismissed.  The dismissal is without prejudice, but the claims may be reasserted only if the state court conviction is overturned, as the Supreme Court described in *Heck*.

The *Heck* rule applies whether the conviction resulted from a verdict at trial or a plea. *See Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014) (en banc) ("This Court has emphatically and properly confirmed that *Brady*-based § 1983 claims necessarily imply the invalidity of the challenged conviction in the trial (*or plea*) . . . ." (emphasis added)). "Disposition of the case on *Heck* grounds, however, warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (internal quotation marks omitted).

Recently, the Second Circuit reiterated that *Heck* categorically bars § 1983 claims for malicious prosecution and *Brady* violations.  *See Poventud*, 750 F.3d at 132-33.  The Second Circuit has also held that *Heck* bars claims asserting the existence of a conspiracy by the prosecution and/or law enforcement that led to a plaintiff's conviction.  *See Amaker*, 179 F.3d at 51-52 (applying *Heck* to claims under 28 U.S.C. §§ 1981, 1985 and 1986 that "asserted existence of a conspiracy to frame plaintiff" because they "plainly would call into question the validity of his conviction").

Claims alleging the denial of the right to a fair trial -- through the fabrication of evidence, for example -- likewise imply the validity of any underlying criminal convictions and are precluded by *Heck*. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial . . . .").

Here, Plaintiff's malicious prosecution, *Brady*, fair trial and conspiracy claims necessarily imply the invalidity of his conviction in state court. There is no indication that his conviction has been "expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Accordingly, Kelly's motion to dismiss Plaintiff's claims for malicious prosecution, *Brady* violations, denial of the right to a fair trial and conspiracy is granted.

### B.   Illegal Stop and Search

The Amended Complaint alleges that Defendants (1) unlawfully stopped and searched the vehicle in which Plaintiff was a passenger and (2) unlawfully searched Plaintiff's person. These claims are barred by *Heck* because they are inconsistent with the result in Plaintiff's criminal case, namely, his conviction for criminal possession of a weapon.

*Heck* requires courts to contemplate the implications that a judgment in a § 1983 action might have in related criminal proceedings. *See* 512 U.S. at 486-87. Here, the challenged stop and search lead to the recovery of the loaded firearm that was the basis for Plaintiff's conviction. If the stop or search were determined to be illegal -- as the Amended Complaint alleges -- then the firearm would constitute a fruit of the poisonous tree and should have been suppressed. *See*

*United States v. Scopo*, 19 F.3d 777, 781 (2d Cir. 1994) ("Any evidence seized based upon an illegal stop 'is subject to the fruit of the poisonous tree doctrine, and may be suppressed." (internal quotation marks omitted)).

As Plaintiff's claims alleging the unlawfulness of the traffic stop and subsequent search necessarily imply that his conviction for possession of a weapon is invalid, *Heck* requires that Kelly's motion be granted. *See Woods v. Candela*, 47 F.3d 545, 546 (2d Cir. 1995) (per curiam) (holding that where state court conviction had been reversed because of, inter alia, an illegal search, plaintiff's § 1983 claim based on the illegal search necessarily implied conviction was unlawful and, under *Heck*, could not have been raised until the conviction was reversed).

### C.     False Arrest Claim

Although *Heck* does not preclude all false arrest claims, *Heck* does preclude false arrest claims in cases "where the *only* evidence for conviction was obtained pursuant to an arrest, [as] recovery in a civil case based on false arrest would necessarily impugn any conviction resulting from the use of that evidence." *Covington v. City of New York*, 171 F.3d 117, 123 (2d Cir. 1999).

Here, the only evidence for Plaintiff's firearm conviction was his possession of a firearm. That firearm was discovered during a search incident to Plaintiff's arrest. If the arrest were unlawful, then under the fruit of the poisonous tree doctrine, the firearm would have been inadmissible in the criminal action. Therefore, Plaintiff's current challenge to his arrest is necessarily inconsistent with his conviction, and Plaintiff's false arrest claim is barred under *Heck* and *Covington*.

## II. EXCESSIVE FORCE CLAIM

Plaintiff's remaining claim alleges the use of excessive force. As the Amended Complaint contains no allegation that Kelly was personally involved in the incident in which force was used, Kelly's motion to dismiss Plaintiff's excessive force claim is granted. *See Costello v. City of Burlington*, 632 F.3d 41, 48-49 (2d Cir. 2011) (holding that the complaint's lack of allegations "establishing the personal involvement of any of the individual Defendants . . . . is fatal to [plaintiff's] claim under 42 U.S.C. § 1983").

## III. DEFENDANT FENTON

Although Defendant Fenton has not been served with the Amended Complaint, it does not allege any colorable claims against him. As Defendant Fenton is entitled to absolute immunity, this action against him is dismissed in its entirety *sua sponte*. Federal law provides that "the court shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B)(iii).

"It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (citations and internal quotation marks omitted). "A prosecutor engaging in prosecutorial activities intimately associated with the judicial phase of the criminal process loses the absolute immunity he would otherwise enjoy only if he acts without any colorable claim of authority." *Id.* at 237 (citation and internal quotation marks omitted). The availability of absolute immunity as a defense "depends on the nature of the function being performed by the defendant official." *Id.* at 236. Where "the nature of that function is [] clear from the face of the complaint . . . . , the

absolute immunity defense may be resolved as a matter of law on a motion to dismiss the complaint pursuant to Rule 12(b)(6)." *Id.*

Here, the Amended Complaint alleges that Defendant Fenton, in his capacity as Assistant District Attorney for Queens County, unlawfully detained and maliciously prosecuted Plaintiff by, inter alia, using false police statements and reports. From the face of the Amended Complaint, it is clear that these allegations arise from conduct within the scope of Defendant Fenton's duties in initiating and pursuing a criminal prosecution. Also, the Amended Complaint explicitly seeks monetary damages from all Defendants, including Fenton. Because the Amended Complaint seeks monetary relief against Fenton, who is immune from such relief, this action is dismissed with prejudice as to Defendant Fenton.

## **CONCLUSION**

For the foregoing reasons, Kelly's motion to dismiss is GRANTED. Furthermore, Defendant Fenton is DISMISSED as a party in this action. The claims of unlawful stop and search of the vehicle, unlawful search of Plaintiff, false arrest, malicious prosecution, violations of *Brady v. Maryland*, denial of fair trial and conspiracy are barred for the reasons set forth above as to the Defendants who have not yet been served.

The Clerk of Court is respectfully directed to terminate Defendants Kelly and Fenton as parties in this action and to close the motion at Docket No. 46. The Clerk is further directed to mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED.

Dated: May 4, 2015
       New York, New York

                                                                                                    *[signature]*
                                                                                           LORNA G. SCHOFIELD
                                                                                    UNITED STATES DISTRICT JUDGE